CHARLES A. FORTIER, SUBSTITUTED AS PLAINTIFF FOR
N. N. BERGHEIM, v. ALBERT J. McRAE AND ANOTHER.[1]

No. 29,708.

January 26, 1934.

L. B. Brechet, A. Gordon Rosenmeier, Leonard L. Sumner, and
Frederick J. Miller, for appellant.

W. F. Hunt and Calvin Hunt, for respondent.

LORING, Justice.

This was an action in the district court of Morrison county to
set aside and cancel assignments of a mortgage and the note se-

[1]Reported in 252 N. W. 833.

cured thereby. From a judgment in favor of the plaintiff defendant Simons appeals.

Charles Lejjonburg was the owner of an $8,000 note secured by a mortgage upon a valuable farm in Morrison county, Minnesota. For several years prior to his death he had intrusted his business affairs to the defendant McRae, who was the cashier of the First State Bank of Flensburg. November 8, 1926, although there had apparently been no difficulty about the interest, Lejjonburg was induced by McRae to assign the note and mortgage to him in order that McRae might, as he claimed, the more readily collect and pay over to Lejjonburg the interest as it became due. He was to reassign the note and mortgage upon demand. McRae caused the assignment to be recorded. The interest was paid to the bank promptly by the mortgagors and was turned over to Lejjonburg by the bank through its assistant cashier. In July, 1930, McRae was in financial difficulties with the bank, and the defendant Simons was aware of that fact. Simons testified that he had a conversation with McRae and Mr. Veigel, commissioner of banks, and it was agreed that Simons would advance $4,235 to McRae with which McRae was to reimburse the bank for money he had embezzled and that no prosecution would be instituted against McRae until the meeting of the next grand jury. To secure this advance McRae agreed to assign to Simons the Lejjonburg note and mortgage, and on July 7, 1930, this was done. The assignment was subsequently recorded. Upon discovery of the assignment to Simons this action was brought by Lejjonburg. Prior to the trial Lejjonburg died, and N. N. Bergheim, his executor, was substituted as plaintiff. Subsequently Bergheim died, and Charles A. Fortier, as administrator *de bonis non,* has been substituted as plaintiff.

■ The principal question presented by the appeal is whether Simons established his good faith as indorsee of the note and assignee of the mortgage. It is conceded that McRae held the note and mortgage as trustee for Lejjonburg and that the establishment of that relationship cast upon Simons the burden of proving that he acquired the title in due course. 2 Mason Minn. St. 1927, § 7102.

The trial court found that Simons acquired the note and mortgage with knowledge of such circumstances that he acted with bad faith in their acquisition. It found that Simons knew that McRae was in financial difficulties and that he had embezzled money from the bank and was endeavoring to borrow to make up the shortage. He knew that McRae was menaced with a criminal prosecution and that "this together with all other facts and circumstances as disclosed by the evidence in this case were sufficient to constitute red lights ahead and to cast upon the defendant Edwin J. Simons the duty to make inquiries * * *." Any one of these elements which moved the trial court, when considered separately, might not be sufficient to sustain a finding of bad faith, but all of them taken together, in our opinion, are sufficient. These circumstances should have put Simons upon inquiry, and inquiry would have revealed the trust. The neglect to make inquiry under the circumstances was more than mere negligence. It was a lack of commercial good faith. The knowledge which he had was sufficient to prevent the acquisition of the paper by commercially honest men without further inquiry. The inquiry most naturally should have been directed to the mortgagee. It is contended that inasmuch as the appellant discussed the matter with McRae, his banker, and with the attorney for the bank he did everything that an honest man should. The record is necessarily silent as to what was submitted to the lawyer, and McRae was the very man whose title should have been scrutinized. As was very well said in King Cattle Co. v. Joseph, 158 Minn. 481, 488, 198 N. W. 798, 800, 199 N. W. 437:

"Men of business experience know that hard-pressed debtors turn sharp corners and are not scrupulous to distinguish between their own and the property of others entrusted to their keeping."

In this case Simons knew that McRae was not only hard pressed but that he was an embezzler laboring under the expectation of a criminal prosecution to which apparently there was no defense.

Some of the earlier decisions have indicated that negligence in failing to make inquiry as to defects in the title in commercial paper is sufficient to support a finding of bad faith, but the majority

of courts appear to hold that mere negligence is not of itself sufficient to support such finding. In Olsen v. Hoffmann, 175 Minn. 287, 291, 221 N. W. 10, 11, in a case where the question of good faith was involved, this court said:

"The law is that he must investigate only under exceptional circumstances. * * * When there are facts or circumstances which constitute 'red lights' ahead, the purchaser must then not proceed blindly but must make inquiry to ascertain the truth."

In Gerseta Co. v. Wessex-Campbell S. Co. 3 F. (2d) 236, 238, the circuit court of appeals of the second circuit had before it for construction the section of the uniform negotiable instruments law which corresponds to our 2 Mason Minn. St. 1927, § 7099, and it there reviewed a number of cases which discussed the matter of bad faith where the purchaser of negotiable paper took the same from a party having a defective title but without actual knowledge of such defect. It there cited the case of Carlisle v. Norris, 215 N. Y. 400, 415, 109 N. E. 564, 569, Ann. Cas. 1917A, 429, in which it was held that mere negligence would not defeat the right of such purchaser. The court cited with approval the construction of the section under consideration which appears in Paika v. Perry, 225 Mass. 563, 114 N. E. 830, where it was held that it was not necessary to show that the person under investigation knew the exact fraud that was practiced,

"it being sufficient to show that he had notice that there was something wrong about his assignor's acquisition of title, although he did not have notice of the particular wrong that was committed."

The circuit court of appeals concluded [3 F. (2d) 238]:

"Knowledge, not surmise, suspicion, or fear, is necessary; not knowledge of the exact truth, but knowledge of some truth that would prevent action by those commercially honest men for whom law is made."

We think the trial court was justified in its finding that Simons' purchase of the note and mortgage was in bad faith. State Bank of Morton v. Adams, 142 Minn. 63, 70, 170 N. W. 925.

It is also claimed by the appellant that the plaintiff is estopped by Lejjonburg's conduct from obtaining the relief which he now seeks. We do not find in this record any support for that contention and hence do not discuss it.

■ The appellant contends that he should have had a separate trial upon his motion to that effect seasonably made under 2 Mason Minn. St. 1927, § 9264. This was discretionary with the trial court, and we find no abuse of that discretion or any prejudice to the appellant from the denial of the motion.

■ Assignments of error relative to the admission of evidence have been examined but found without merit. This was a trial to the court without a jury, and the record indicates quite clearly that the court's findings were not based upon the testimony asserted to be incompetent.

Judgment affirmed.

ON APPLICATION FOR REARGUMENT.

On February 23, 1934, the following opinion was filed:

*PER CURIAM.*

Our attention has been invited to the statement in our original opinion that defendant Simons consulted McRae before taking the assignment of the mortgage here involved, and that McRae was the man from whom he took the assignment of the mortgage. It appears that there are two McRaes and that Simons consulted the one from whom he did not get the assignment. The opinion is corrected accordingly, but the result is not affected.

The motion has been denied.